24-1903(L)
*Peju Province Winery L.P. v. Cesari S.R.L.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-six.

PRESENT:
        RICHARD C. WESLEY,
        RICHARD J. SULLIVAN,
        JOSEPH F. BIANCO,
                *Circuit Judges.*

_____

PEJU PROVINCE WINERY L.P., a California Limited Partnership, PEJU FAMILY OPERATING PARTNERSHIP L.P., a California Limited Partnership,

        *Defendants-Appellants-Cross-Appellees*,

PEJU PROVINCE CORPORATION, a California Corporation,

        *Defendant*,                                    Nos. 24-1903 (Lead)
                                                            24-2014 (XAP)

v.

CESARI S.R.L., an Italian Limited Liability
Company,

*Plaintiff-Appellee-Cross-Appellant*.

_____

**For Defendants-Appellants-
Cross-Appellees:**

JOEL G. MACMULL (Brian M. Block, Mandelbaum Barrett PC, New York, NY; Martin B. Schwimmer, Stobbs, Charlotte, NC, *on the brief*), Mandelbaum Barrett PC, New York, NY.

**For Plaintiff-Appellee-
Cross-Appellant:**

VALERIA CALAFIORE HEALY, Healy LLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 12, 2024 judgment of the district court is **VACATED** and the case is **REMANDED**.

Peju Province Winery L.P. and Peju Family Operating Partnership L.P. (together, "Peju") appeal from a judgment following a bench trial on trademark-infringement claims brought by Cesari S.R.L. ("Cesari"), an Italian winemaker. In essence, Peju contends that the district court erred in giving preclusive effect to

2

a decision of the United States Patent and Trademark Office ("USPTO") that denied Peju's trademark registration application on the ground that it was likely to be confused with Cesari's previously registered trademark. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I. Background and Procedural History

In January 2003, the USPTO granted Cesari's trademark registration application for the use of the mark "LIANO" in connection with wines. One month later, Peju, a California winemaker, sought to register the trademark "LIANA" with the USPTO for use in connection with the sale of wines. Cesari filed an opposition to Peju's registration application with the USPTO, which initiated a proceeding before the Trademark Trial and Appeal Board ("TTAB"), the USPTO's internal adjudicatory body. *See* 15 U.S.C. §§ 1063, 1067. In its opposition, Cesari contended that Peju's LIANA mark was likely to be confused with its LIANO mark.

In deciding whether Peju's mark was likely to be confused with Cesari's mark, the TTAB conducted its analysis exclusively "on the basis of the identification of goods set forth in [Peju's] application," without considering "the

particular nature of [Peju's] goods, the particular channels of trade[,] or the class of purchasers to which the sales of goods are directed." *Octocom Sys., Inc. v. Houston Computer Servs., Inc.*, 918 F.2d 937, 942 (Fed. Cir. 1990) (quoted in *Cesari S.R.L. v. Peju Province*, No. 91158374, 2004 WL 1703103, at *2 (T.T.A.B. July 20, 2004)). "[T]he TTAB evaluate[d] likelihood of confusion by applying some or all of the 13 factors set out in *In re E.I. DuPont DeNemours & Co.*, 476 F.2d 1357 (C.C.P.A. 1973)," *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 154 (2015), which are similar to the eight *Polaroid* factors considered by our Circuit to assess the likelihood of confusion in trademark-infringement cases, *see Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir. 1961). Ultimately, the TTAB rejected Peju's application, concluding that its mark was "almost identical" to Cesari's mark and "likely to cause confusion," as both were registered as wines without "restrictions as to the channels of trade or purchasers" and only differed by the last letter. *Cesari*, 2004 WL 1703103, at *1–2.

Over a decade later, Cesari brought an action for trademark infringement against Peju in the Southern District of New York. In Cesari's complaint, it alleged that "Peju, without authorization from Cesari, has used and continues to use the infringing 'Liana' name in connection to Peju's marketing, sale and

4

distribution of wines in the United States." Dist. Ct. Doc. No. 1 at 12. This overlap, Cesari contended, "is likely [to] cause consumer confusion, deception or mistake as to source," *id.*, and thus violates the Lanham Act, *see* 15 U.S.C. §§ 1114, 1117.

For its part, "Peju admit[ted] that it promotes and offers California wines for sale, including one 100% Orange Muscat dessert wine from Mendocino, California called 'Liana' under the PEJU label," but it "denie[d] that using the word 'Liana' to mark and sell wines would infringe Cesari's federally registered trademark and damage Cesari." Dist. Ct. Doc. No. 15 at 3. Specifically, Peju pointed to the fact that its wines' trade channels "are limited to its own wineries and websites," and therefore "even if [Cesari]'s trade channels include physical stores or online retail websites, they do not overlap with Peju's." Dist. Ct. Doc. No. 29 at 13. Moreover, "Peju offers only wines made from grapes grown in California in the Napa Valley and Mendocino regions," while Cesari's "LIANO wine comes from the well-known Rubicone IGT wine region of Central Italy." *Id.* at 12. This matters, Peju maintains, because "[f]or consumers of fine wines . . . the combination of varietal (the grape variety or varieties from which the wine is made), and the region or terroir in which those grapes are grown, are the primary

5

means by which consumers differentiate and distinguish among wines." *Id.*; *see also id.* ("Paramount among these distinctions is that of old world versus new world wines.").

In the district court, Cesari moved for partial summary judgment on the issue of whether Peju was precluded from relitigating the "likelihood of confusion" element of the trademark-infringement claim. The district court granted summary judgment, concluding that Peju was "precluded from re-litigating the likelihood of confusion between the parties' marks" – an element of Cesari's trademark infringement claim – because the TTAB's 2004 trademark registration decision had settled the matter once and for all. Sp. App'x at 16, 20. The district court subsequently held a bench trial on the remaining elements of Cesari's claim and its request for damages before entering a judgment in favor of Cesari.

Peju timely appealed, arguing that the district court erred in giving preclusive effect to the TTAB's findings concerning the likelihood of confusion between the marks.

## II.     Discussion

"We review *de novo* a district court's decision to grant summary judgment," affirming only if, "construing the evidence in the light most favorable to the [non-moving] party . . . and drawing all reasonable inferences in that party's favor," we conclude that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Covington Specialty Ins. v. Indian Lookout Country Club*, 62 F.4th 748, 752 (2d Cir. 2023) (internal quotation marks omitted). "Under the Lanham Act, a plaintiff alleging trademark infringement must demonstrate that (1) 'it has a valid mark that is entitled to protection' and that (2) the defendant's 'actions are likely to cause confusion with that mark.'" *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84 (2d Cir. 2020) (quoting *The Sports Auth. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2d Cir. 1996)).

In granting partial summary judgment, the district court gave preclusive effect to the TTAB's 2004 decision regarding the Lanham Act's second prong: likelihood of confusion. Peju asserts that was error because the TTAB "did not consider, let alone adjudicate, the marketplace usages of the parties' marks." Peju Br. at 39. We agree.

We have long recognized that the TTAB's determination of likelihood of confusion regarding a trademark application will have preclusive effect for purposes of a Lanham Act infringement claim only if the TTAB's assessment took "into account, in a meaningful way, the *context* of the marketplace." *Levy v. Kosher Overseers Ass'n of Am.*, 104 F.3d 38, 42 (2d Cir. 1997). As we noted in *Levy*, "where the [TTAB] has indeed compared conflicting marks in their *entire marketplace context*, the factual basis for the likelihood of confusion issue is the same, the issues are the same, and collateral estoppel is appropriate" in the subsequent infringement action. *Id.* (quoting 4 J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition § 32.31[2], at 32–125 (3d ed. 1996)). But such occasions are the exception, not the norm, in TTAB trademark registration rulings.

Here, the TTAB decision – on its face – did not consider the parties' "actual usage in the marketplace." *B&B Hardware*, 575 U.S. at 157; *see Cesari*, 2004 WL 1703103, at *2 (citing *Octocom*, 918 F.2d at 942). To the contrary, the TTAB expressly cabined its likelihood-of-confusion inquiry to the four corners of Peju's application and Cesari's already-registered mark, reaching its ultimate decision "*regardless of what the record may reveal* as to the particular nature of [the] applicant's

8

goods." *Cesari*, 2004 WL 1703103, at *2 (emphasis added) (quoting *Octocom*, 918 F.2d at 942).

Importantly, the TTAB never considered the merits of Peju's principal defense to Cesari's infringement claim: "that its wine [wa]s distinguishable [from Cesari's] because it is a dessert wine" and therefore not likely to confuse consumers. *Id.* at *2. The TTAB declined to reach that argument – and made no attempt to consider "the *context* of the marketplace," *Levy*, 104 F.3d at 42, as it related to dessert wines – because Peju raised that specific usage for the first time "[i]n response" to Cesari's opposition motion and not in its trademark application, *Cesari*, 2004 WL 1703103, at *1.

The TTAB was of course justified in doing so. But the fact remains that the TTAB never "consider[ed] the marketplace usage of the parties' marks," *B&B Hardware*, 575 U.S. at 156, beyond the cursory information contained in Peju's application and Cesari's pleaded registration. *See Octocom*, 918 F.2d at 942 (holding that the TTAB "cannot take such facts [about market usage] into consideration unless [they are] set forth in [the] application" (quoting *Tuxedo Monopoly, Inc. v. Gen. Mills Fun Grp.*, 648 F.2d 1335, 1337 (C.C.P.A. 1981))). Consequently, "the factual basis for the likelihood of confusion issue [in Peju's

trademark application] is [not] the same" as that of Peju's Lanham Act defense, making "collateral estoppel . . . [in]appropriate." *Levy*, 104 F.3d at 42.

Cesari nevertheless argues that the Supreme Court's decision in *B&B Hardware* "definitively rejected" the *Levy* standard discussed above. Cesari Br. at 15. But Cesari mischaracterizes both the Supreme Court's decision in *B&B Hardware* and our own precedents.

In *B&B Hardware*, the Supreme Court held that a TTAB decision with respect to the likely confusion associated with a proposed trademark will have preclusive effect on a subsequent trademark-infringement claim if it looked to the "same likelihood-of-confusion standard" as the district court, even if it evaluated slightly "different factors to assess [such] likelihood." 575 U.S. at 154. But *B&B Hardware* expressly concluded that where "the TTAB d[id] not consider the marketplace usage of the parties' marks, the TTAB's decision should have no later preclusive effect in a suit where actual usage in the marketplace is the paramount issue." *Id.* at 156–57 (internal quotation marks omitted). *B&B Hardware* is thus perfectly consistent with our own precedent in *Levy*, which turned on whether the TTAB *even considered* the challenged marks "in their entire marketplace context." *Levy*, 104 F.3d 42 (emphasis and internal quotation marks omitted); *see also Jim Beam*

10

*Brands Co. v. Beamish & Crawford Ltd.*, 937 F.2d 729, 735 (2d Cir. 1991) (explaining that "the fact that the [TTAB] had actually decided the issue of likelihood of confusion of the marks *in context* makes" the difference for issue-preclusion purposes (emphasis added)).

Unsurprisingly, our own post–*B&B Hardware* rulings have continued to cite *Jim Beam* and *Levy* with approval, emphasizing that "the [TTAB] considers only the 'registrability of the applicant's mark exactly as shown in the application and only as to the goods listed, *regardless of actual usage.*'" *Int'l Info. Sys. Sec. Certification Consortium v. Sec. Univ.*, 823 F.3d 153, 163–64 (2d Cir. 2016) (quoting *Jim Beam*, 937 F.2d at 734) (citing *Levy*, 104 F.3d at 41–42)). And the leading trademark-law treatise – which was cited ten times by the Supreme Court in *B&B Hardware* – also makes clear that *Jim Beam* and *Levy* stand for "essentially the same" proposition as the one embraced by "[t]he high court's decision" in *B&B Hardware*. 5 J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition § 32:98 & n.3 (5th ed. Mar. 2026 update).

The district court erred in concluding that because the TTAB had adjudicated the likelihood of confusion with reference to the broader usage in connection with the sale of "wine," it necessarily adjudicated the same issue with

11

respect to every "reasonable" and "usual" subsidiary set of usages, including Peju's usage in connection with the sale of dessert wines, which formed part of the basis of Peju's defense to Cesari's infringement claim. Sp. App'x at 10 (quoting *B&B Hardware*, 575 U.S. at 154–57). We cannot agree that Peju and Cesari "each use their mark in ways that are *materially the same* as the usages adjudicated by the TTAB." Sp. App'x at 9 (emphasis added); *see also, e.g.*, *Banfi Prods. Corp. v. Kendall-Jackson Winery, Ltd.*, 74 F. Supp. 2d 188, 197–99 (E.D.N.Y. 1999) (holding "that there is no likelihood of confusion between" two similarly sounding red wines with different price-points that are sold through different trade channels). As shown above, the TTAB never considered Peju's dessert-wine argument because that asserted usage was materially different from – and significantly narrower than – what Peju stated in its application. *See Cesari*, 2004 WL 1703103, at *2 (citing *Octocom*, 918 F.2d at 942). Therefore, because the issues before the TTAB and the district court were not the same, the district court should not have given preclusive effect to the TTAB's ruling on the likelihood of confusion.

\*      \*      \*

We have considered the parties' remaining arguments and find them to be without merit.  Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case for proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court